UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD SCOTT,

                    Plaintiff,

         v.

HAVENS,

                    Defendants.

Case No. 2:25-cv-00648-RAJ-TLF

REPORT AND
RECOMMENDATION

NOTED FOR JANUARY 14, 2026

This matter comes before the Court on plaintiff Richard Scott's *pro se* motion for joinder of parties (Dkt. 21) and amended motion for joinder of parties (Dkt. 24). The respondent has filed a response to the most recent amended motion (Dkt. 25). For the reasons explained below, the Court recommends DENYING plaintiff's motions without considering any reply from plaintiff on the most recent amended motion, and DISMISSING plaintiff's case without prejudice.

I.      BACKGROUND

Plaintiff, a civil detainee confined at the Special Commitment Center filed an action pursuant to 42 U.S.C. § 1983 on April 9, 2025, alleged he received inadequate medical care in violation of his constitutional rights and the Americans with Disabilities Act ("ADA"). Dkt. 1. Dr. Havens, the named defendant, moved to dismiss plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6). Dkt. 9.

REPORT AND RECOMMENDATION - 1

The Court granted defendant's motion to dismiss for failure to allege sufficient facts to state a Fourteenth Amendment claim against Dr. Havens relating to the adequacy of the medical care he was receiving at SCC. Dkt. 18 (Report and Recommendation); Dkt. 19 (Order Adopting Report and Recommendation). Plaintiff raised other allegations as well, but he failed to connect those allegations to Dr. Havens or any other individual. As for plaintiff's ADA claim, the Court found plaintiff did not allege that he was prevented from participating in or benefitting from SCC programs or services because of a disability.

The Court also noted that plaintiff's response to the motion was illegible, and after requesting that plaintiff file a new copy of his response, the Court received the same copy of his response.

The Court granted plaintiff leave to amend his complaint within 30 days of the Order adopting the Report and Recommendation. Dkt. 18.

Plaintiff subsequently filed two motions– a motion for joinder of parties and an amended motion for joinder of parties. Dkts. 21, 24.

II.     DISCUSSION

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates,* 947 F.2d 1418, 1420 (9th Cir.1991). To satisfy the first prong in a § 1983 claim, a plaintiff must identify specific constitutional rights allegedly infringed. *Allbright v. Oliver,* 510 U.S. 266, 271 (1994). To establish the second prong, a plaintiff must allege facts showing how individually named defendants caused, or

personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM,* 637 F.2d 1350 (9th Cir.1981).

Dismissal of a complaint is proper only where a complaint fails to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In determining whether a plaintiff has stated a claim, the Court accepts as true the factual allegations contained in the complaint and views all inferences in a light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017). The Court does not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

A federal court may dismiss sua sponte pursuant to Federal Rule of Civil Procedure 12(b)(6) when it is clear that the plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6) .... Such a dismissal may be made without notice where the claimant cannot possibly win relief."). *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) (a federal court may dismiss frivolous complaint sua sponte, even in absence of an express statutory provision). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

Further, Federal Rule of Civil Procedure 8 requires that a pleading contain " 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Twombly*, 550 U.S. at 555. While Rule 8 "does not require 'detailed factual allegations,' ... it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

Here, to the extent plaintiff intended for his motions for joinder to be a motion to amend his complaint, the Court should *sua sponte* dismiss plaintiff's motions because they are frivolous and violate Rule 8. Plaintiff's pleadings are nearly illegible[1]. *See McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996) (explaining that a complaint is subject to dismissal for violation of Rule 8 if "one cannot determine from the complaint who is being sued, for what relief, and on what theory").

The Clerk of Court sent plaintiff a letter on November 24, 2025, informing him that his first motion was illegible and instructed him to re-file legible copies as soon as possible. The letter warned plaintiff that failure to do so may affect the status of his case, including dismissal of the action by the Court. Dkt. 22. Plaintiff's second motion for joinder, while slightly improved, is still mostly illegible.

The motions for joinder therefore warrant dismissal because they are frivolous and violate Rule 8 of the Federal Rules of Civil Procedure. *See McHenry v. Renne*, at 1178; *Steward v. Arya*, 2020 WL 3260085, at *1 (E.D. Cal. Mar. 20, 2020) (finding complaint was "non-compliant with Rule 8 insofar as [was] illegible or nearly illegible")

---

[1] Even if plaintiff's motions were in fact motions for joinder, because they are illegible, the Court cannot determine if plaintiff met the standards under Federal Rules of Civil Procedure 19 or 20 governing the joinder of parties.

NOTED FOR JANUARY 14, 2026 - 4

(citing *Shuster v. Oppelman*, 962 F. Supp. 394, 396 (S.D.N.Y. 1997)), *report and recommendation adopted*, 2020 WL 3254344 (E.D. Cal. June 16, 2020).

The Court should not give plaintiff another opportunity to amend his complaint. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Plaintiff was already provided with one opportunity to file an amended complaint. Even after multiple opportunities for submitting pleadings that are legible, the plaintiff failed to comply with Fed. R. Civ. P. 8, and the Court cannot identify any allegations that would potentially be non-frivolous.

III.    CONCLUSION

In sum, plaintiff's motions for joinder should be DENIED and this case should be DISMISSED without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **January 14, 2026**, as noted in the caption.

Dated this 30th day of December, 2025.

Theresa L. Fricke
United States Magistrate Judge